# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Herman Catlett,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0179** (Berkeley County 17-C-55)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**April 23, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Herman Catlett, by counsel Nicholas J. Matzureff, appeals the January 31, 2019, order of the Circuit Court of Berkeley County denying his seventh amended petition for a writ of habeas corpus.  Respondent, Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a response in support of the habeas court's decision. On appeal, petitioner argues that the habeas court erred in denying habeas corpus relief because petitioner received ineffective assistance of counsel and was denied the opportunity to elaborate on his ineffective assistance of counsel claims at an omnibus evidentiary hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The body of Charles Arvin ("the victim") was found in his vehicle on July 1, 1984. The victim's vehicle was seen two nights before, parked at the residence of petitioner and his then-girlfriend, Penny Stanley. The body was covered in household trash that included an envelope addressed to petitioner and several articles with Ms. Stanley's fingerprints. Petitioner and Ms. Stanley were subsequently arrested and charged with the victim's murder. Petitioner was released on bond while Ms. Stanley remained incarcerated. However, Ms. Stanley later pled guilty to being an accessory after-the-fact to the victim's murder and agreed to testify at petitioner's trial.

Ms. Stanley testified at petitioner's trial as follows: (1) the victim came to petitioner's and Ms. Stanley's residence on June 29, 1984; (2) Ms. Stanley went onto the front porch while petitioner and the victim talked; and (3) Ms. Stanley saw the victim dead on the floor when

1

petitioner called her into the kitchen. Ms. Stanley further testified that she saw a club in the sink with water running over it to ostensibly wash blood off it.[1] Finally, Ms. Stanley testified that the victim often sold drugs to petitioner and that petitioner recovered twenty Valium pills and approximately $900 in cash from the victim after murdering him. Ms. Stanley admitted that she helped petitioner put plastic bags over the body and drag it to the victim's vehicle. Petitioner then drove the vehicle away with the victim's body in it. Subsequently, petitioner was convicted of first-degree murder and was sentenced to a life term in prison without the possibility of parole. This Court affirmed petitioner's conviction in *State v. Catlett*, 180 W.Va. 447, 376 S.E.2d 834 (1988).

Since his murder conviction, petitioner has filed a total of seven petitions for habeas corpus relief in the circuit court and two additional habeas petitions in federal court. In his previous habeas court habeas corpus proceedings, petitioner was afforded two omnibus hearings, one in 1991 and one in 1998. Petitioner filed his seventh and most recent petition for a writ of habeas corpus on June 29, 2018. He argued before the habeas court that his 2002 habeas counsel was ineffective for failing to raise a *Brady*[2] violation regarding the nondisclosure of a letter from the FBI to one Lieutenant Kenneth Blake. In that letter, the FBI notified Lieutenant Blake that Fred Zain, who performed forensic work on petitioner's criminal case, had previously failed two FBI forensic courses. Petitioner further argued that his prior habeas counsel was ineffective for failing to have further DNA testing performed on the State's evidence and for failing to assert due process violations with regard to the testimony of Sergeant W. Randy Smith, who testified regarding hairs discovered at the crime scene.

On January 31, 2019, the habeas court denied petitioner's petition for a writ of habeas corpus. It found that all of the allegations raised by petitioner had previously been finally adjudicated or waived. It also found that petitioner has had three prior full post-conviction habeas proceedings with appointed counsel and hearings before the habeas court. Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981) provides that

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly[-]discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

166 W. Va. at 762-63, 277 S.E.2d at 608.

---

[1]Several days before petitioner's trial, the alleged murder weapon, a tree branch, was discovered in the basement of petitioner and Ms. Stanley's residence. The State had the branch analyzed and found no traces of latent fingerprints, blood, or hair.

[2]*Brady v. Maryland*, 373 U.S. 83 (1963) (requiring the State to preserve and produce exculpatory evidence in criminal proceedings).

The habeas court also determined that even if the merits of petitioner's arguments had been considered, he would not have been entitled to habeas corpus relief. Although petitioner's 2002 habeas counsel did not specifically raise a *Brady* violation regarding the testimony of Mr. Zain, the main focus of that proceeding was the evidence used at trial in light of *In re West Virginia State Police Crime Lab, Serology Division,* 190 W. Va. 321, 438 S.E.2d 501 (1993) (herein referred to as *Zain I*).[3] The habeas court found that although Mr. Zain testified in petitioner's trial, his testimony largely concerned chain of custody. While Mr. Zain performed an analysis of the murder weapon, he found no blood, hair, or tissue on the weapon. As such, the habeas court found that Mr. Zain's testimony was not prejudicial to petitioner's case, and his 2002 habeas counsel was not ineffective for allegedly failing to raise a *Brady* claim regarding the nondisclosure of the FBI letter. The habeas court further determined that prior habeas counsel was not ineffective for failing to order further DNA testing of the evidence. The habeas court found that this allegation was previously adjudicated or waived. It noted that petitioner admitted to killing the victim under oath on multiple occasions. The habeas court also found that if further DNA testing had been performed, it would have just further incriminated petitioner. Habeas counsel was therefore not ineffective for failing to have the evidence independently tested. The habeas court also determined that prior habeas counsel was not ineffective for failing to raise due process violations regarding Sergeant Smith's testimony. Sergeant Smith testified that hairs found on a blanket wrapped around the victim's body matched Ms. Stanley's hair in length, color, texture, and pigmentation. The habeas court found that Sergeant Smith did not testify that the hair belonged to Ms. Stanley, merely that it matched in appearance as no hair evidence was introduced at petitioner's trial. The habeas court also found that it was unclear if petitioner even had standing to challenge Sergeant Smith's testimony. It is from the habeas court's January 31, 2019, order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises two assignments of error. First, petitioner contends that the habeas court erred in denying habeas corpus relief on the basis of ineffective assistance of counsel. He argues, as referenced above, that his previous habeas counsel was ineffective for failing to assert a *Brady* violation in regard to the State's evidence of Mr. Zain's incompetence and falsification of evidence in prior cases. He also argues that prior habeas counsel was ineffective in

---

[3]In *Zain I*, it was discovered that Mr. Zain, former director of the Division of Public Safety serology department, falsified forensic evidence in several criminal cases. *See In re W. Va. State Police Crime Lab, Serology Div.,* 190 W. Va. 321, 438 S.E.2d 501 (1993).

failing to obtain independent DNA testing of the evidence, failing to obtain the raw data and specific testing procedures Mr. Zain used, and failing to assert a due process violation regarding Sergeant Smith's trial testimony. We disagree.

Claims of ineffective assistance of counsel are governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which states that, in order to prevail on a claim of ineffective assistance of counsel, petitioner must show that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in relevant part, *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995). Furthermore,

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6, 459 S.E.2d at 117. This Court "always . . . presume[s] strongly that counsel's performance was reasonable and adequate[,]" and

> [t]he test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

*Id.* at 16, 459 S.E.2d at 127 (emphasis in original). Certainly, with the benefit of hindsight, "one always may identify shortcomings, but perfection is not the standard for ineffective assistance of counsel." *Id.* at 17, 459 S.E.2d at 128.

Here, petitioner fails to satisfy the first prong of *Strickland/Miller*. He asserts that prior habeas counsel was ineffective for failing to raise a *Brady* violation regarding the FBI letter about Mr. Zain. In syllabus point 2 of *Zain I*, this Court held that, "[a]lthough it is a violation of due process for the State to convict a defendant based on false evidence, such conviction will not be set aside unless it is shown that the false evidence had a material effect on the jury verdict." 190 W.Va. at 322, 438 S.E.2d at 502. In syllabus point 3 of *Zain I*, this Court further held:

> "Where improper evidence of a non[-]constitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is

sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury." Syllabus Point 2, *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980).

Mr. Zain's involvement in petitioner's case was considered in his 2002 habeas proceeding wherein it was determined that Mr. Zain's testimony was not prejudicial to petitioner's case. Mr. Zain testified regarding chain of custody and asserted that he found no blood, tissue, or DNA on the murder weapon. Therefore, prior habeas counsel was not ineffective for failing to obtain evidence discrediting Mr. Zain's testimony. Further, even when Mr. Zain's testimony is removed from the case, there was still sufficient evidence to sustain petitioner's conviction for first-degree murder. The murder weapon was found in the basement of the residence in which petitioner resided. The victim's body was discovered covered in trash, which contained a letter addressed to petitioner, and the fingerprints of Ms. Stanley were discovered on several items. Ms. Stanley later pled guilty to being an accessory after the fact and testified at petitioner's trial that he killed the victim with a tree branch. Further, petitioner admitted several times under oath at his second habeas proceeding that he killed the victim. We therefore find that prior habeas counsel was not ineffective for failing to raise a *Brady* violation.

Likewise, prior habeas counsel was not ineffective for failing to obtain independent DNA testing of the murder weapon or for failing to assert a due process violation regarding Sergeant Smith's trial testimony. Mr. Zain testified at trial that there was no DNA evidence found on the murder weapon. More importantly, petitioner confessed to the murder under oath. We further find that prior habeas counsel committed no error in failing to challenge the grand jury testimony of Sergeant Smith. Sergeant Smith testified that hairs matching the texture, pigmentation, length, and color of Ms. Stanley's were found on the blanket in which the victim's body was wrapped. Sergeant Smith did not testify that the hairs were a direct match for Ms. Stanley. Most importantly, there was no hair evidence introduced at petitioner's trial and therefore no need for prior habeas counsel to challenge the testimony.

Petitioner's second assignment of error is that the habeas court erred in denying him the opportunity to expand upon his ineffective assistance of counsel claim during an omnibus evidentiary hearing. He asserts that the habeas court arbitrarily overlooked prior habeas counsel's ineffectiveness and the errors at his trial in denying him an omnibus hearing.

In Syllabus Point 3 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

5

Here, based on our review of both the record and our decision in *Anstey*, we find no error in the habeas court's decision not to hold an omnibus hearing.

For the foregoing reasons, we affirm the habeas court's January 31, 2019, denial of petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** April 23, 2020

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**

Chief Justice Tim Armstead

6